NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE CO., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EAST COAST SPINE, JOINT AND SPORTS MEDICINE PROFESSIONAL ASSOCIATION d/b/a THE SPINE AND SPORTS HEALTH CENTER, et al.,<br><br>Defendants. | **Civil Action No. 21-19408-EP-AME**<br><br>**OPINION & ORDER** |

**ESPINOSA**, Magistrate Judge

This matter comes before the Court on plaintiffs' motion to compel discovery and for the imposition of sanctions against various defendants [ECF 46]. The motion is opposed. The Court has considered the parties' submissions and, for the following reasons, dismisses the motion to compel as moot but orders the defendants to pay plaintiffs' attorneys' fees and costs associated with this motion, pursuant to Federal Rule of Civil Procedure 37.

## I. BACKGROUND

Briefly, this action arises out of alleged insurance fraud. The insurance carrier plaintiffs Government Employees Insurance Company ("GEICO") and other GEICO-related entities (collectively, "GEICO") allege that defendant East Coast Spine, Joint and Sports Medicine Professional Association ("East Coast Spine") and various individual healthcare providers engaged in fraudulent billing practices and other unlawful activities involving Personal Injury Protection benefits provided to GEICO's insureds under its motor vehicle insurance policies. The

Complaint, filed by GEICO on October 28, 2021, asserts East Coast Spine is an unlawful enterprise under the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, and seeks relief on civil RICO claims, among others. The Complaint names a number of individual defendants who allegedly participated in the scheme to defraud. GEICO's motion to compel and for sanctions is directed at the following defendants: East Coast Spine, Alexander Visco, Michael Kelly, Ferdinand Iannaccone, Basil Kurdali, Neil Tropiano, Priscilla Amponsah, John De Hoyos, Nidhi Madhani, Aditi Mehta, and Juan C. Nunez (collectively, "Defendants").

This motion concerns GEICO's First Set of Interrogatories and First Request for Production of Documents ("Discovery Requests"). GEICO served the Discovery Requests on Defendants on February 7, 2022, and as such, Defendants' responses were due thirty days later, pursuant to Federal Rules of Civil Procedure 33 and 34. Defendants did not provide the discovery by the March 9, 2022 deadline nor did they contact GEICO to discuss an extension. GEICO thereafter made repeated attempts to confer with Defendants and obtain responses to the Discovery Requests, to no avail. (Kang Decl., ¶ 4.) As a result, GEICO sought the Court's assistance with the overdue responses.

On April 29, 2022, the parties submitted a joint discovery dispute letter concerning the outstanding Discovery Requests, in an effort to resolve the dispute without motion practice, as required by the Court's Civil Case Management Order. The Court held a conference on May 6, 2022, during which it expressly directed Defendants to provide responses no later than May 18, 2022. Following the conference, the Court entered an order on May 9, 2022, memorializing the new, extended deadline (the "May 9 Order"). The May 9 Order further stated: "should any response(s) to the February 7 Discovery Requests remain outstanding after May 18, 2022,

Plaintiffs are granted leave to file a motion seeking relief for the aforementioned defendants' failure to comply with discovery obligations." (ECF 45) Defendants did not provide discovery responses by May 18, 2022 or confer with GEICO concerning the need for more time. (Kang Decl. ¶ 4.) Additionally, Defendants did not request that the Court modify the May 9 Order to extend the deadline.

Having received no response, GEICO accordingly filed this motion on June 15, 2022.

## II. DISCUSSION

GEICO brought this motion under Federal Rule of Civil Procedure 37 for an order compelling Defendants to respond to the Discovery Requests and sanctioning them for discovery abuses. According to Defendants' July 5, 2022 opposition brief, they served their responses on some unspecified date after this motion was filed. Thus, Defendants argue the motion is now moot. GEICO disagrees. It emphasizes that, although responses were provided, Defendants' dilatory and non-compliant conduct forced GEICO to file this motion and therefore requests that the Court impose appropriate consequences under Rule 37. Specifically, the reply brief states: "Plaintiffs respectfully request that the Court order the Defendants to immediately provide full and complete responses -- without objection -- to Plaintiffs' discovery requests, and order the Defendants to pay Plaintiffs' reasonable attorneys' fees and costs in connection with their efforts to secure the Defendants' responses to the discovery requests, including this motion." (Reply at 2) (emphasis in original).

As a threshold matter, the Court finds that, insofar as the originally-filed motion sought an order compelling Defendants to respond to the Discovery Requests, that aspect of the motion is in fact moot. GEICO does not dispute that responses were provided, albeit late. To the extent it suggests that Defendants' responses are deficient, GEICO fails to identify which Discovery

Requests, or categories thereof, might be at issue, and does not set forth the legal and factual bases on which it contends the responses are lacking. Moreover, there is no indication that the parties have engaged in the required meet-and-confer process to discuss and rectify any deficiencies. In other words, on the record before the Court, any dispute concerning deficient responses does not appear to be ripe for resolution.[1]

Insofar as GEICO's request for more complete or detailed responses to the Discovery Requests pertains to a waiver of objections to GEICO's interrogatories, the Court denies the request. GEICO invokes Federal Rule of Civil Procedure 33(b)(4), which provides: "[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Rule 33 requires responses to interrogatories to be provided within thirty days of service, a timeframe the Court may enlarge in its discretion. Defendants concede their responses to the Discovery Requests, including any objections they may have interposed, are untimely, but they assert the task of responding to scores of interrogatories directed at multiple parties, including East Coast Spine and the various individual healthcare providers, required a substantial amount of time and effort. As such, Defendants maintain "there was no willful intent whatsoever in avoiding discovery obligations. Instead, it simply took longer than anticipated to provide objections and responses from These Defendants, who include current and former medical providers from a busy medical practice." (Opp. at 2.) The importance of abiding by the discovery rules, including the deadlines set forth therein, is self-evident and does not merit discussion in a written opinion. Yet, the Court is mindful of the real-world time constraints experienced by litigants, such as the

[1] If deficiencies remain after a good faith effort by the parties to resolve them without Court intervention, the matter may, of course, be raised to the Court in compliance with Paragraph 10 of its Civil Case Management Order.

medical provider Defendants, and acknowledges that, in this case, counsel for Defendants faced the added difficulty of preparing responses to numerous interrogatories on behalf of many clients. Consequently, the Court finds that, insofar as responses to the Discovery Requests were late under the rules, and despite Defendants' failures to engage GEICO or the Court to seek modification of the operative deadlines, striking or deeming waived any objections raised by Defendants is not warranted based on the totality of circumstances.

However, Defendants' failure to abide by this Court's May 9 Order cannot be excused, nor can its failure to provide the responses until after GEICO filed this motion to compel. Discovery misconduct, including the failure to fulfill obligations under the rules and to abide by court orders, is sanctionable under Rule 37. *Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 84 (D.N.J. 2006). "Rule 37 sanctions are available to the district court 'not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Id.* (quoting *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976)). Although a court has "broad discretion" in determining the "type and degree of sanctions it can impose," they "must be just and related to the claims at issue." *Id.*

A party's failure to obey a court order directing that discovery be produced triggers the imposition of sanctions under Rule 37(b). *See* Fed. R. Civ. P. 37(b)(2)(A). The rule lists various sanctions at a court's disposal for non-compliance with discovery orders, including but not limited to "prohibiting the disobedient party from supporting or opposing designated claims or defenses" and striking pleadings. *Id.* It further provides that instead of or in addition to those sanctions, "the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure

was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added). Similarly, under Rule 37(a)(5)(A), if a party's conduct has necessitated a motion to compel discovery and either the motion is granted or the discovery at issue is provided after the motion is filed, a court "must" order the non-compliant party and/or its attorney to pay the fees and expenses incurred by the movant in making the motion, with certain exceptions.

Defendants maintain sanctions would be unduly harsh, given the voluminous nature of the Discovery Requests and the difficulty encountered in responding to them within the timeframe set by the Court. This explanation does not substantially justify their knowing failure to comply with the Court-ordered May 18, 2022 deadline and/or their obligation to advise GEICO of the delay. "Substantial justification has been defined as 'justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request.'" *Trowery v. O'Shea*, No. 12-6473, 2015 WL 9587608, at *5 (D.N.J. Dec. 30, 2015) (quoting *Tolerico v. Home Depot*, 205 F.R.D. 169, 175-76 (M.D. Pa. 2002)).

Here, there can be no uncertainty as to Defendants' requirements to comply with the Discovery Requests. First, the Court notes that by the time the deadline was set by the Court, Defendants' responses were already late, and efforts made by GEICO to obtain the responses, without intervention by the Court, had proved fruitless. Second, the Court ordered Defendants to provide responses to all outstanding discovery after addressing the issue at length in a May 6, 2022 status conference and, indeed, obtaining Defendants' input as to whether the May 18 deadline was feasible. Third, although Defendants thereafter realized they would not be able to comply with the Court order, due, as they have asserted, to logistical challenges, Defendants

neither applied to the Court for an extension nor, it appears, conferred with GEICO in a good faith effort to substantially comply with their obligations, albeit out of time. This silence is particularly inexcusable given that Defendants were on notice that their continued non-compliance with discovery obligations would likely result in a motion to compel.

Defendants stress sanctions would be unjust because, ultimately, GEICO obtained the discovery it requested, at least by July 5, 2022—the date Defendants opposed this motion. They assert GEICO has not been delayed in moving forward with its prosecution of this action, including depositions scheduled to begin in the month of July, an assertion GEICO disputes in its reply. While it is unclear to what extent GEICO has been prejudiced by the late discovery, Defendants' conduct has not been harmless. It essentially forced GEICO to dedicate time and expenses associated with filing this motion. Moreover, Defendants fail to justify their disregard for this Court's May 9 Order. As such, a sanction is warranted under Rules 37(a)(5)(A) and 37(b)(2)(C).

In light of the foregoing, the Court concludes an appropriate sanction for Defendants' conduct consists of an award of reasonable attorneys' fees and costs incurred by GEICO as a result of Defendants' failure to abide by the May 9 Order. These sanctions will include time and expenses associated with this motion and any other efforts made by GEICO between the May 18, 2022 deadline and the filing of this motion on June 15, 2022 to obtain discovery responses from Defendants.

## III. CONCLUSION AND ORDER

For the foregoing reasons, the Court finds GEICO's motion to compel responses to the Discovery Requests is moot but its request for attorneys' fees and costs in connection with this motion is warranted under Rule 37. Accordingly,

**IT IS** on this 14th day of September 2022,

**ORDERED** that GEICO's motion to compel discovery and for sanctions [ECF 46] is granted in part and dismissed as moot in part; and it is further

**ORDERED** that, insofar as GEICO's motion seeks to compel production to the Discovery Requests, as identified above, it is dismissed as moot; and it is further

**ORDERED** that GEICO's request to deem waived any objections made by Defendants to interrogatories answered out of time is denied; and it is further

**ORDERED** that, insofar as GEICO's motion seeks sanctions consisting of attorneys' fees and expenses, it is granted pursuant to Federal Rules of Civil Procedure 37(a)(5)(A) and 37(b)(2)(C); and it is further

**ORDERED** that, on or before September 28, 2022, GEICO shall file an application and proposed order for the award of reasonable fees and costs consisting of the amounts identified in the foregoing Opinion. The application shall include an attorney declaration setting forth the fees and costs to which they are entitled, calculating the total award, and attaching supporting documentation, including appropriately redacted time sheets; and it is further

**ORDERED** that, on or before October 12, 2022 Defendants may submit a response, if any, concerning the reasonableness of the amount sought, without rearguing any of the matters presented to the Court on this motion.

/s/ *André M. Espinosa*
ANDRÉ M. ESPINOSA
United States Magistrate Judge