UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE CO., et al., | Civil Action No. 21-19408-CCC-AME |
| Plaintiffs, | **OPINION and ORDER** |
| v. | |
| EAST COAST SPINE, JOINT AND SPORTS MEDICINE PROFESSIONAL ASSOCIATION d/b/a THE SPINE AND SPORTS HEALTH CENTER, et al., | |
| Defendants. | |

**ESPINOSA**, Magistrate Judge

This matter comes before the Court on GEICO's application for an award of fees and costs [ECF 62], submitted pursuant to the Opinion and Order of September 14, 2022 (the "September 14 Order") [ECF 58].[1] Defendants have objected to the reimbursement amount sought by GEICO [ECF 63]. The Court has reviewed the parties' submissions and, for the following reasons, awards GEICO $4,446.00, pursuant to Federal Rule of Civil Procedure 37.

**I.    THE FEE APPLICATION**

The September 14 Order found that, due to Defendants' failure to abide by the Court's discovery order and GEICO's ensuing need to file a motion to compel, GEICO was entitled to an award of sanctions including the "time and expenses associated with [its] motion [to compel] and any other efforts made by GEICO between the May 18, 2022 deadline and the filing of this motion on June 15, 2022 to obtain discovery responses from Defendants." [ECF 58]. In

---

[1] The September 14 Order sets forth the background leading to the imposition of sanctions and also identifies the parties involved in this fee application. The Court will not repeat that information here but incorporates it by reference.

1

connection with that finding, the Court directed GEICO to submit an application setting forth the time spent on these compensable activities, supported by detailed documentation.

GEICO has accordingly submitted a declaration by counsel Gene Y. Kang, of the law firm Rivkin Radler, in support of its fee application (the "Kang Declaration"). The Kang Declaration states that GEICO seeks "a total of $5,643.00 in attorneys' fees incurred between May 18, 2022 and June 15, 2022 in connection with the time associated with Plaintiffs' motion to compel discovery and for sanctions." (Kang Decl. ¶ 4.) It attaches detailed time sheets showing that Mr. Kang and two other attorneys, law firm partner Max Gershenoff and associate Christina M. Bezas, spent a combined 19.1 hours attempting to collect the overdue discovery, after the Court had ordered it produced, and working on the subsequent motion to compel. The Kang Declaration also provides each attorney's relevant background and billing rate, as follows: Gershenoff, $395 per hour; Kang, $360 per hour; and Bezas, $285 per hour. Defendants, in response, have no objection to the hourly rates charged by GEICO's attorneys but do argue that they spent an "excessive" amount of time working on the "generic" motion to compel. [ECF 63 at 2]. They maintain the motion should not have taken more than seven hours to prepare and therefore state the appropriate fee amount should be $1,995.00, representing those hours billed at the associate attorney's rate.

II.     ANALYSIS

The party seeking an award of attorneys' fees bears the burden of establishing the reasonableness of its request. *Interfaith Cmty. Org. v. Honeywell, Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005). To do so, it must provide evidence "supporting the hours worked and rates claimed." *Id.* (quotations omitted). The opposing party then has the burden of challenging the

reasonableness of the requested fee, "by affidavit or brief with sufficient specificity to give fee applicants notice." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

To determine the amount of a reasonable fee award, the Court must begin by calculating the lodestar, which is the "'number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *McKenna v. City of Phila.*, 582 F.3d 447, 455 (3d Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "The lodestar is strongly presumed to yield a reasonable fee." *Washington v. Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996). However, the Court has the discretion to make certain adjustments to the lodestar. *Rode*, 892 F.2d at 1183. A court analyzing a fee application must "review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" *Pub. Interest Research Grp. Of N.J. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995) (quoting *Hensley*, 461 U.S. at 433-34).

After examining the documentation submitted by GEICO in support of its fee request, the Court concludes that a portion of the time spent working on the motion to compel appears to be excessive. The time sheets state that on five separate occasions, Ms. Bezas worked on preparing, drafting, and revising the motion, for a total of 17.1 hours, but certain entries appear redundant. In particular, the records state she drafted for 3.6 hours on June 2, researched and again drafted for 5.9 hours on June 3, and "continue[d] to draft [the] motion to compel discovery and motion for sanctions" for 5.4 hours on June 14. (Kang Decl. Ex. B.) In the Court's view, 3.4 of the 5.4 hours of continued drafting on June 14 are duplicative of earlier billing entries and must be omitted from the lodestar. Moreover, the time sheets indicate the associate spent 1.0 hour reviewing the rules in pre-drafting preparation and then another 1.2 hours finalizing the motion.

The Court finds that .5 hours to prepare and then 1 hour to finalize is reasonable. Accordingly, the lodestar calculation will be reduced by 4.1 hours of time billed by the associate attorney, from 17.1 total hours to 13 total hours. However, Defendants' objection to reimbursing any of the time spent by the law firm partners on the motion to compel is unpersuasive. They fail to explain how 2 hours in partner review and revision is excessive or why it should be excluded from the lodestar. Having carefully reviewed the time sheets, the Court finds that a total of 15 hours is a reasonable amount of time devoted to the compensable activities identified in the September 14 Order.

With regard to the billing rate to use in the lodestar calculation, as noted, Defendants do not object to the hourly amounts charged by the attorneys who worked on GEICO's motion to compel. The Court has nevertheless conducted its own review to ascertain whether the rates are reasonable "according to the prevailing market rates in the relevant community." *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001). The Court is satisfied that, given the attorneys' respective educational background, experience, and expertise, as set forth in the Kang Declaration, their hourly billing rates are reasonable when measured against prevailing rates in the northern New Jersey legal market.

Based on the foregoing, the Court calculates a final lodestar of $4,446.00, comprised of the following:

| **Attorney** | **Hours** | **Rate** | **Amount** |
|---|---|---|---|
| Bezas | 13 | 285.00 | 3,705.00 |
| Gershenoff | 0.6 | 395.00 | 237.00 |
| Kang | 1.4 | 360.00 | 504.00 |

**III.    CONCLUSION AND ORDER**

For the foregoing reasons, the Court awards GEICO $4,446.00 as a discovery sanction against Defendants, in accordance with the Court's September 14 Order. Therefore,

**IT IS** on this 9th day of November 2022,

**ORDERED** that, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) and 37(b)(2)(C), Defendants are sanctioned, on a pro rata basis, in the amount of $4,446.00, for their failure to provide discovery in compliance with the Court's order and the subsequent filing of a motion to compel by GEICO; and it is further

**ORDERED** that Defendants' counsel shall remit the sanctions award of $4,446 to GEICO's counsel no later than November 23, 2022.

                                                   /s/ *André M. Espinosa*
                                                   ANDRÉ M. ESPINOSA
                                                   United States Magistrate Judge